Scoeield, J.,
delivered the opinion of the court:
This claim was transmitted to the Court of Claims February 18, 1885, under the provisions of the act of March 3, 1883, known as the Bowman Act (22 Stat. L., 485), by the Committee on War Claims of the House of Representatives.
*23 By the first section of that act any committee of the Senate or House is authorized to transmitió this court any claim pending before it ; but, by the third section, the court is forbidden to take jurisdiction of any claim “ which is now (March 3,1883) barred by virtue of the provisions of any law of the United States.”
In this way it becomes the duty of the court to determine whether any case thus referred was, at the date of the act, barred by any law of the United States.
By section 2 of the act of July 4,1864 (13 Stat., 381), the Quartermaster-General was authorized to receive and examine claims of this description,, and if convinced that they were just, the claimants loyal, and the stores taken for and used by the Army, to report them to the Third Auditor for settlement.
By the Act of March 3,. 1879 (1 Sup. to Rev. Stat., 481, and 20 Stat. L., 650), it is provided:
“That all claims not presented and filed under said act [referring to act of July 4, 1864] and the acts amendatory thereof, prior to the 1st day of January, 1880, shall be forever barred.”
This claim was presented to the Quartermaster-General by O. W. Bennett, attorney for the claimant, October 30, 1863. On November 5,1863, it was returned to Mr. Bennett without action, and was never again filed with that officer.
November 10, 1863, Mr. Bennett filed the claim with the Third Auditor. That officer examined it, and on December 28, 1864, informed Mr. Bennett, by letter, that the claim did not come “ within the provisions of the act of March 3,1849, as it does not appear that said property was seized by the order of any Army officer or agent of the United States. The men who made the seizure were not impressing, but pillaging, and are liable to be punished therefor.”
These facts do not, in the opinion of the court, show that the claim was presented and filed with the Quartermaster-General under the act of July 4,1864. When it was presented, in 1863, that officer had no jurisdiction, and so returned it to the claimant’s attorney. After the act of 1864 the claimant had more than fifteen years in which to present his claim. Not having done so within that time, his claim is “ forever barred,” and the court must dismiss his petition.